IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY McCLAIN, | : |
| | : |
|     Petitioner | : |
| | : |
|   v. | :   CIVIL NO. 1:14-CV-02118 |
| | : |
| DAVID J. EBBERT | :   (Judge Kane) |
| | : |
|     Respondent | : |

**MEMORANDUM**

    Anthony McClain, currently an inmate confined in the Canaan United States Penitentiary in Waymart, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  McClain claims that his constitutional rights were violated by a Bureau of Prisons ("BOP") decision not to grant credit for time spent in state custody prior to sentencing.  Id.  McClain requests that this Court grant him 424 days of credit towards his federal sentence. Id.  The petition is ripe for disposition and, for the reasons set forth below, will be denied.

**I.    Background**

    On January 12, 2012, McClain was detained by the Flint Police Department in Flint, Michigan for outstanding warrants.  (Doc. 10, Ex. 1, Att. B).  At that time, McClain admitted that he was in possession of a gun.  Id.  After searching McClain, police discovered a loaded Ruger Super Blackhawk .44 caliber revolver

in his waistband.  Id.  It was also discovered that McClain was a felon and was prohibited from possessing a firearm.  Id.

On January 18, 2012, while in state custody, McClain was convicted of operating a vehicle without a license and was sentenced to ten days imprisonment.  Id. at Att. C.  While still in state custody, on January 25, 2012 McClain was sentenced to ten days imprisonment for operating a vehicle without a license in a different jurisdiction.  Id.  McClain completed both sentences while awaiting trial for his January 12, 2012 arrest.  Id.  On February 1, 2012, McClain was indicted in federal court under 18 U.S.C. §922(g)(1) for possession of the revolver found on his person on January 12, 2012.  Id. at Att. D.

On February 23, 2012, McClain was transferred to federal custody for his arraignment pursuant to a writ of habeas corpus ad prosequendum.  Id. at Att. E.  On April 3, 2012, pursuant to a second writ, McClain was again temporarily transferred to federal custody for his plea hearing.  Id. at Att. F.  On July 24, 2013, pursuant to a final writ of habeas corpus ad prosequendum, McClain was temporarily transferred to federal custody for his sentencing hearing.  Id. at Att. G.  On that day, McClain was sentenced to sixty-three months imprisonment for his federal firearms charge; the Order was silent as to whether the sentence should run consecutive or concurrent to any state sentence.  Id. at Att. H.  After each brief

appearance before the federal court, McClain was returned to state custody for holding.

On March 11, 2013, the State released McClain to federal custody to begin his sixty-three month prison sentence. Id. at Att. J., p. 5. On April 8, 2013, McClain was sentenced to a term of 36 to 120 months imprisonment by a Michigan state court for his assault with harm less than murder conviction, and to a term of two years for his felony firearms possession conviction. Id. at Att. K. The state Court ordered that both sentences run concurrent with each other and with McClain's federal sentence. Id. Additionally, the state court ordered that McClain be credited with 431 days of time served for the time spent in custody while awaiting sentencing. Id.

## II. Discussion

Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences "on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." However, in limited circumstances a federal prisoner may receive credit for time spent in official detention prior to the start of his or her sentence. See, 18 U.S.C. § 3585(b). A prisoner may receive credit against his or her federal sentence for any time spent in custody so long as that time "has not been credited against another sentence." Id. Thus, a prisoner may

not receive "double credit for his [or her] detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

     Here, McClain was first placed into federal custody on March 11, 2013, the date he was released from state custody on bond. (Doc. 10, Ex. 1, Att. J). Thus, his federal sentence began to run on that date. 18 U.S.C. § 3585(a). When the state court sentenced McClain on April 8, 2013, it provided 431 days of credit against his state sentence for time spent in state custody.[1] (Doc. 10, Ex. 1, Att. K). As McClain was provided credit against his state sentence for time spent in custody prior to sentencing, the BOP could not credit that time against McClain's federal sentence. 18 U.S.C. § 3585(b).

     Additionally, McClain is not entitled relief under Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). There, the United States Court of Appeals for the Third Circuit emphasized that the BOP has the power to retroactively designate a state prison as the place of federal confinement, and thereby ensure that a prisoner's federal sentence begins to run on the date of incarceration in a state prison. Id. at 483. However, the Court emphasized that while the BOP is required to consider such a nunc pro tunc designation, the decision of whether to grant that request "is a matter within the [BOP's] sound discretion." Id. Here, after reviewing all factors

---

[1] This number is derived subtracting the twenty days McClain spent serving his two sentences for operating a vehicle without a license from the 451 days he spent in custody between January 12, 2012 and April 7, 2013.

relevant to McClain's request for nunc pro tunc designation, the BOP properly denied his request. (Doc. 10, Ex. 1, Att. P). Thus, the BOP has satisfied the requirements of Barden.

Finally, McClain is not entitled to relief under cases such as Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) or Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Both cases "require as a prerequisite that the state and federal sentence in question be concurrent." Castro v. Sniezek, 437 F.App'x 70, 73 (3d Cir. 2011) (citing Rios v. Wiley, 201 F.3d 257, 272 n. 13 (3d Cir. 2000)). Here, the federal court did not explicitly order that the federal sentence run concurrent to any state sentence; therefore the sentences run consecutively. See, 18 U.S.C. §3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). Furthermore, in response to a BOP inquiry, the federal sentencing judge stated that the sentences should run consecutively. (Doc. 10, Ex. 1, Att. P). Consequently, because the sentences were consecutive, neither the Kayfez nor Willis cases are applicable.

## III. <u>Conclusion</u>

A review of the record reveals that McClain's has already received credit against his state sentence for time spent in custody, and further reveals that the BOP properly denied McClain's <u>nunc</u> <u>pro</u> <u>tunc</u> designation request.  Consequently, McClain's petition for writ of habeas corpus will be denied.

An appropriate Order will be entered.

BY THE COURT:

s/Yvette Kane
Yvette Kane
United States District Judge

Dated: May 14, 2015